IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:05-CR-258-LSC |
| ) | |
| JASON JERNIGAN ) | |

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

**COMES NOW** the Defendant, **JASON JERNIGAN**, by and through undersigned counsel and respectfully requests this Court to grant a downward departure from the Sentencing Guideline range determined in this matter. This motion is based upon U.S.S.G. §5K2.0(c). The Guidelines permit a downward departure where a combination of circumstances acting together create extraordinary hardship, even where none of the offender characteristics considered independently would warrant a departure. In support of this motion, the defense states the following:

1. **Extraordinary Physical Disability**

Mr. Jernigan has numerous serious physical ailments which would require an extraordinary amount of medical care while in confinement. Mr. Jernigan suffered injury to his lungs while working at Corstone, a fiberglas manufacturer. Overexertion leaves him gasping for breath. As a result, he is no longer able to engage in jobs requiring physical strain and receives Social Security disability as his sole source of income. For this ailment, Mr. Jernigan must use an inhaler three times a day, as well as several medications to maintain

free respiration.

In addition, Mr. Jernigan suffers from chronic and frequent migraine headaches, which leave him feeling tired and exhausted. He has been to see his current physician, Dr. Chandra Shekar, approximately once a week every week for the past month and a half, because his pain medications are inadequate to deal with the problem. Dr. Shekar has suggested the possibility that surgery may be necessary to alleviate the pain.

Mr. Jernigan also suffered injuries in a car accident in September 2005. These injuries included a fractured left ankle, which has been surgically repaired by implantation of a metal plate. Mr. Jernigan still experiences pain as a result of this injury and cannot stand for long periods of time or put excessive and prolonged weight on his ankle. Additionally, Mr. Jernigan experiences ongoing back pain as a result of a car accident injury when he was sixteen years old. For all of these injuries he has been prescribed increasingly powerful medications with less than complete success.

Because of these multiple physical disabilities, Mr. Jernigan would be at great risk of further injury or possible collapse should he suffer an emergency and fail to receive appropriate treatment rapidly. Of particular concern is his lung condition; attacks may leave him nearly unable to breathe. Should his migraine condition reach a crisis, he will also be in need of surgery to alleviate it. For all of these reasons, Mr. Jernigan would be more appropriately penalized by home confinement than imprisonment.

**2.     Extraordinary Family Circumstances**

Mr. Jernigan presently supports his wife and three sons on his Social Security disability check. His children also draw SSI benefits through him. Mr. Jernigan's wife, Kayla, however, like Mr. Jernigan, was injured in the September 2005 car accident, which occurred subsequent to the offense for which Mr. Jernigan is being sentenced, sustaining injuries so serious that it is doubtful she will ever be able to support herself or care for herself and her children unassisted.

Kayla Jernigan worked a series of waitress jobs before marrying Mr. Jernigan and giving birth to two of his three sons. She does not have a high school diploma, so her possibilities for employment would be limited even in the best of circumstances. But Mrs. Jernigan suffered life-threatening injuries in the car accident previously mentioned and has been assessed as unlikely to be able to work at any job any time soon and possibly never. Mrs. Jernigan sustained a serious head injury, crippling in her legs, and loss of several fingers of her right hand. She was confined to a wheelchair for months after the accident and is still undergoing physical therapy in order to regain her ability to walk. While she is improving slowly and steadily, she is not physically capable at present of taking care of herself and three young boys, ages 1 to 9, all of whom have been diagnosed as suffering from ADHD, without assistance. She, as well as the children, needs Mr. Jernigan present to deal with daily tasks. While Mrs. Jernigan has applied for Social Security disability benefits in her own name, she will not even get a hearing on her eligibility until November 2006.

Mr. and Mrs. Jernigan both love their children very much and have worked hard to regain custody of all of them. Mr. Jernigan's oldest son was placed under DHR supervision before Mr. Jernigan regained custody of him from his biological mother. Because the oldest child is under DHR supervision, the other two boys were included also. Mr. Jernigan has had to contend with attempts by the oldest child's mother and grandparents and his own father, who abandoned his family when Mr. Jernigan was less than a year old, to take his children away from him. Mr. and Mrs. Jernigan have put great effort into working with DHR to meet all of the necessary requirements to have the boys returned to their home, and they have now succeeded in that endeavor. Mrs. Jernigan, however, because of her physical disabilities, would not be able to retain custody should Mr. Jernigan be imprisoned. The oldest boy is not hers, and the other two would be more than she could handle without her husband's assistance.

The family's financial situation, should Mr. Jernigan be imprisoned, would also become dire. The family's sole source of income is Mr. Jernigan's SSI disability. While the children's benefits would probably not be affected by Mr. Jernigan's incarceration, the household would suffer a severe setback from the loss of Mr. Jernigan's check. As stated above, Mrs. Jernigan is not able to work and her application for SSI benefits is bogged down in a backlogged system, with no sign of relief for months to come. The Jernigans established a homestead on property sold to them by Mrs. Jernigan's father, but they have not even been able to meet the expenses of maintaining that property, because they could not afford to have

a septic tank installed. Should Mr. Jernigan be imprisoned, he would forfeit his disability check, and his family would have no means of replacing that lost and crucial income.

Because the circumstances described above are not adequately taken into consideration by the Sentencing Guidelines, the Defendant, Jason Jernigan, prays this Court to impose a sentence of probation.

    Respectfully submitted,

    /s/**Anne E. Borelli**
    **ANNE E. BORELLI**
    **AL Bar Code: BOR 016**
    Attorney for Defendant Jason Jernigan

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 1960
Montgomery, Alabama   36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
EMAIL: Anne_Borelli@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Kent Brunson, Esquire
>Assistant U.S. Attorney
>One Court Square, Suite 201
>Montgomery, Alabama  36104

>/**s/Anne E. Borelli**
>**ANNE E. BORELLI**
>**AL Bar Code: BOR 016**
>Attorney for Defendant Jason Jernigan

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 1960
Montgomery Alabama 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
EMAIL: Anne_Borelli@fd.org