## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                              ) | Case No.:  2:05-CR-258-LSC |
| ) | |
| JASON JERNIGAN                                 ) | |

### DEFENDANT'S MEMORANDUM AND EXHIBITS
### IN SUPPORT OF SENTENCING POSITION

**COMES NOW** the Defendant, **JASON JERNIGAN**, by and through undersigned counsel and respectfully submits the following in support of his position on the appropriate sentence to be imposed in this matter. Mr. Jernigan is before the Court for sentencing on May 30, 2006, on one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

   1.    **Personal and Family History**

Jason Jernigan was born on June 7, 1976, in Newport News, Virginia, and is now 29 years old. Within six months of Mr. Jernigan's birth, his father left the home. Mr. Jernigan's mother, Doris, moved to Greenville, Alabama, where she later married James Reaves. Mr. Reaves, while providing a home for Mr. Jernigan, subjected him to discipline with a variety of objects, including shovels and bricks. Mr. Jernigan was also injured as a child when his stepbrother poured gasoline on his back and shoulder and set him on fire. He still has visible scars from this incident.

At the age of 16, Mr. Jernigan met his biological father, John, in California. His

father introduced him to the use of meth.

Mr. Jernigan has worked to provide a stable home environment for his own sons, who are 9 years, 3 years, and 2 years old. After Mr. Jernigan was released from prison in 2000, he began and succeeded in proceedings to regain custody of his oldest son, who was then in the custody of his mother's relatives.

In 2002, Mr. Jernigan married his present wife, Kayla. The youngest two sons are from this marriage. Although all three of the Jernigan children have been in the custody of the local Department of Human Resources office, at some point, they are now all in the custody of Mr. and Mrs. Jernigan. See the attached Orders, Exhibits 1 and 2, and Exhibit 3. The three children have each been diagnosed with ADHD.

   2.    **Employment History**

Mr. Jernigan has worked regularly since the age of 16. He worked for two different dredging companies in Florida, Henry Dredging and Wright Dredging. He left the second dredging job, where he was working toward engineer, when the judge presiding over his son's custody case ordered him to work locally because of his son's needs. Mr. Jernigan returned to Alabama to comply with this order and took a job with Corstone, a fiberglass plant. By 2003 he developed lung problems as a result of working there.

Mr. Jernigan became ill after months-long exposure to fiberglass components. He received a settlement from the company, Butler County case # 2004-CV-046, and workmen's compensation for this injury. He now receives SSI disability because of this permanent

impairment.

### 3. **Extraordinary Physical Disabilities**

Mr. Jernigan has several serious physical ailments. Because of his work-related lung injury, he must use an inhaler three times a day, as well as several medications, to maintain free respiration, and he is not able to engage in jobs requiring physical strain.

Mr. Jernigan has chronic migraine headaches. He has seen his current physician, Dr. Chandra Shekar, approximately once a week for the past month and a half, because his pain medications are inadequate to deal with the problem.

Mr. Jernigan was injured in a car accident in September 2005 and experienced a fractured left ankle, which has been surgically repaired by implantation of a metal plate. See Exhibits 4 and 5. As a result of this injury, Mr. Jernigan has frequent pain, cannot stand for long periods of time, and cannot put prolonged weight on the ankle.

Mr. Jernigan injured his back in a car accident when he was sixteen years old and still has pain and related problems as a result of this injury.

Kayla Jernigan suffered life-threatening injuries in the car accident previously mentioned and is unable to work. Mrs. Jernigan sustained a head injury, crippling in her legs, and loss of several fingers of her right hand. See Exhibits 6 through 10. She was confined to a wheelchair after the accident and now undergoes physical therapy. She is not able to take care of herself and the three young boys without assistance.

### 4. Extraordinary Family Circumstances

Mr. Jernigan presently supports his wife and three sons on his Social Security disability check. According to Ms. E. Judkins of the Social Security office (334-223-7183), Mr. Jernigan receives $532 per month in disability benefits (standard increase due next month to $603) and $91 of regular Social Security payments. The family also receives $130 in foodstamps. Exhibit 11, Affidavit of Rená Ross.

Kayla Jernigan does not have a high school diploma. Prior to their marriage and the birth of their two sons, Mrs. Jernigan was employed in a series of waitress jobs. While Mrs. Jernigan has applied for Social Security disability benefits in her own name, she will not get a rehearing on her eligibility before January 2007. See Exhibit 11.

If Mr. Jernigan is incarcerated, the family will lose the income from Mr. Jernigan's benefit check. *See* 20 C.F.R. § 404.468, Nonpayment of benefits to prisoners. The sole potential family income would then be $190 per month of Aid to Families with Dependent Children and an increased foodstamp allotment. See Exhibit 11.

### 5. Sentencing Position

Because of his multiple physical disabilities, Mr. Jernigan requires consistent medication and treatment, and is at risk of further injury.

Mr. Jernigan's family needs him in the home. Mr. Jernigan's wife needs his physical assistance throughout the day. His children need his supervision. The family will also lose substantial income as a result of Mr. Jernigan's imprisonment.

For all of the reasons above, Mr. Jernigan would be more appropriately penalized by home confinement than imprisonment.

Mr. Jernigan's offense, as stated in the Presentence Investigation Report, ¶ 63, is a Class C felony, *see* 18 U.S.C. § 924(a)(2) and 18 U.S.C. § 3559(a)(3). As such, probation is a possible penalty. *See* 18 U.S.C. § 3561(a). Home detention is permissible under the Sentencing Guidelines as a substitute for imprisonment. *See* United States Sentencing Guidelines §§ 5F1.2 and 5C1.1(c)(3).

While a sentence of home detention would require a substantial downward departure, U.S.S.G. §5K2.0© permits such departures where extraordinary circumstances, not adequately taken into consideration by the Sentencing Guidelines, exist.

Furthermore, the circumstances of this offense and this offender support probation as the reasonable sentence under the factors of 18 U.S.C. § 3553(a). Sentences are to be "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. § 3553(a)(2); *see also* 18 U.S.C. § 3553(a)(1). Because the Sentencing Guidelines are merely advisory, *United States v. Booker*, 125 S.Ct. 738 (2005), and because of the circumstances described above, the Defendant, Jason Jernigan, prays this Court to impose a sentence of probation including home detention.

                                        Respectfully submitted,

                                        **/s/Anne E. Borelli**
                                        **ANNE E. BORELLI**
                                        **AL Bar Code: BOR 016**
                                        Attorney for Defendant Jason Jernigan

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 1960
Montgomery, Alabama   36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
EMAIL: Anne_Borelli@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Kent Brunson, Esquire
>Assistant U.S. Attorney
>One Court Square, Suite 201
>Montgomery, Alabama  36104

>/**s**/**Anne E. Borelli**
>**ANNE E. BORELLI**
>**AL Bar Code: BOR 016**
>Attorney for Defendant Jason Jernigan

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 1960
Montgomery Alabama 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
EMAIL: Anne_Borelli@fd.org

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.　　　　　　　　　　　　　　） | Case No.:  2:05-CR-258-LSC |
| ) | |
| JASON JERNIGAN　　　　　　　） | |

### EXHIBITS FILED ON BEHALF OF JASON JERNIGAN

Exhibit 1         Order from the Juvenile Court, Butler County, March 29, 2006

Exhibit 2         Order from the Juvenile Court, Butler County, Feb. 21, 2006

Exhibit 3         Photo–Jason Jernigan with his three sons

Exhibit 4         Radiology report for Jason Jernigan showing ankle fracture

Exhibit 5         Photo–Jason Jernigan's ankle scar

Exhibit 6         Radiology report for Kayla Jernigan showing multiple injuries

Exhibit 7         Photo–Kayla Jernigan in wheelchair

Exhibit 8         Photo–Kayla Jernigan's head injury

Exhibit 9         Photo–Kayla Jernigan's hand and knee injuries

Exhibit 10        Photo–Kayla Jernigan's ankle injury

Exhibit 11        Affidavit of Federal Defender Investigator René Ross

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Kent Brunson, Esquire
>Assistant U.S. Attorney
>One Court Square, Suite 201
>Montgomery, Alabama  36104

>/**s/Anne E. Borelli**
>**ANNE E. BORELLI**
>**AL Bar Code: BOR 016**
>Attorney for Defendant Jason Jernigan

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 1960
Montgomery Alabama 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
EMAIL: Anne_Borelli@fd.org